S. H. POMEROY CO. v. WELLS BROS. CO. OF NEW YORK (two cases).

(Supreme Court, Appellate Division, First Department.   March 22, 1912.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS.

In an action to recover for breach of a contract to purchase certain articles used in the construction of a building, where plaintiff alleged the expenditure of a certain sum, and that the whole cost of completing the contract would not exceed a certain sum, it is improper to require him to state, in a bill of particulars, the number of men employed in the work done and the number that probably would have been employed to complete the contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 239*)—AMENDMENT—COSTS.

An amendment increasing the amount of damages claimed for the breach of a contract to purchase did not justify the imposition of costs as a condition; such amendment not changing the cause of action, and being such as might have been allowed at the trial, if the proof justified it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Appeal from Special Term, New York County.

Action by the S. H. Pomeroy Company against the Wells Bros. Company of New York. From an order granting defendant's motion for a bill of particulars, and an order granting plaintiff's motion for leave to serve amended bill of particulars and a second amended complaint, and precluding plaintiff from giving testimony as to particulars not furnished, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Lewis R. Conklin, for appellant.

Robert B. Knowles, for respondent.

SCOTT, J. The plaintiff appeals (1) from an order requiring it to serve a bill of particulars, and (2) from an order requiring defendant, upon terms, to accept a bill of particulars and supplemental bill tendered by plaintiff, and precluding plaintiff from introducing any evidence and giving any testimony upon the trial of the action as to any facts not set forth in the bill of particulars, and also permitting plaintiff, upon terms, to amend its complaint by increasing the damages sued for.

The complaint alleges that defendant and plaintiff entered into an agreement whereby the latter was to manufacture and furnish certain articles, to be used in the construction of a building; that, after plaintiff had proceeded to execute the contract, the defendant repudiated it, and refused to carry it out. The action is for damages for the refusal to permit plaintiff to complete the contract, and the amount of damages claimed is based upon the difference between the contract price and what it would have cost plaintiff to complete. The allegation is that plaintiff had spent $1,000 in fulfillment of the contract, before defendant repudiated it, and that the whole cost to plaintiff of completing the contract would not have exceeded $11,000.

With the answer defendant demanded a bill of particulars. Plaintiff attempted to comply with this demand, and served a bill and amended bill. Being dissatisfied with these, defendant returned them and moved for a bill of particulars, which motion resulted in the order first appealed from. Pending the appeal from that order, plaintiff served an unusually complete bill of particulars, which the defendant returned as failing to comply with the order. Upon a motion that defendant be required to accept the bill of particulars, the second order appealed from was made.

[1] The order for the bill of particulars required plaintiff to state, among other things, the number of men employed in performing the work, costing $1,000, actually done under the contract, and the number of men that would have been employed if plaintiff had been permitted to complete the contract. This, we think, was more than defendant was entitled to, and plaintiff's excuse for not complying with this part of the order, which it incorporated into the bill of particulars, seems to be entirely reasonable. The order for the bill of particulars must therefore be modified, by striking out the requirement that the plaintiff state the number of men employed, and that probably would have been employed to complete the contract, and, as so modified, affirmed, with $10 costs and disbursements to appellant. With this provision stricken out of the first order, the only colorable objection to the bill served by plaintiff is removed, and consequently the imposition upon plaintiff of $10 costs as a condition of requiring defendant to accept the bill must be stricken out. So, also, and for the same reason, must the preclusion clause be stricken out, as well as for the further reason that it is too broad, and by its terms covers matters not related to the bill of particulars.

[2] The amendment of the complaint increasing the amount of damages claimed was not of a character justifying the imposition of costs as a condition. It did not change the cause of action in any

way, and was an amendment which might have been allowed at the trial, if the proof justified it.

The second order appealed from must therefore be modified, by striking out all terms imposed upon plaintiff, and also the preclusion clause, and, as modified, is affirmed, with $10 costs and disbursements to appellant. All concur.

---

## CASEY v. DAVIS &. FURBER MACH. CO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1912.)

1. COURTS (§ 91*)—PREVIOUS DECISION AS THE LAW OF THE CASE.

Where on a former appeal of an action for injuries causing the death of a person employed in a mill, and received by being struck by an iron ball falling from a feed machine which a workman employed by the defendant was attaching to a carding machine sold the plaintiff's employer by the defendant, the court found that the relation of master and servant did not exist between the defendant and such workman as to the work he was doing at that time, the direction of a nonsuit at the close of practically the same testimony in a later action was proper.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

2. MASTER AND SERVANT (§ 330*)—NEGLIGENCE OF SERVANT—SCOPE OF EMPLOYMENT—EVIDENCE—RES IPSA LOQUITUR.

In an action for injuries from the negligent dropping of an iron ball, it is not sufficient to authorize a recovery that the defendant had its employé at work in the building in which the injury occurred, and that he was the cause of the injury under the doctrine res ipsa loquitur, but it must be shown that he in the very act of handling the iron ball was engaged in the defendant's work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330;* Negligence, Cent. Dig. § 240.]

3. MASTER AND SERVANT (§ 301*)—TORTS OF SERVANT—LIABILITY OF MASTER—RESPONDEAT SUPERIOR.

Where a workman of a machinery company was sent to install a carding machine in a mill, his installation in connection with the machine of a feed machine not manufactured or furnished by the employer at the instance of the milling company which paid his traveling expenses and his expenses while at work was work of the milling company which it had a right to control, and for negligence in its conduct resulting in injury to an employé of the milling company the machinery company would not be liable under the doctrine of respondeat superior.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Onondaga County.